# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KEITH DRUMMOND,

        Defendant.

Case No. 2:17-cr-140

JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Currently pending before the Court is Defendant John Keith Drummond's Motion for Compassionate Release. (ECF No. 147). The Government responded in opposition. (ECF No. 148). For the following reasons, Drummond's Motion for Compassionate Release, (ECF No. 147), is **DENIED.**

## I.

On July 23, 2018, Drummond pleaded guilty to (1) Conspiracy to Possess with Intent to Distribute Controlled Substances (over twenty-eight grams of crack cocaine, heroin, marijuana, cocaine, and oxycodone), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and 846; (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c) and 2; and (3) being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF Nos. 23, 72). On June 6, 2019, this Court sentenced Drummond to a one-hundred and ninety-seven (197) month total term of imprisonment, to be followed by a five (5) year term of supervised release. (ECF No. 115).

In August of 2020, Drummond requested a compassionate release from his warden based on health concerns related to COVID-19. (ECF No. 147-1). According to BOP records, Drummond

has now received two shots of a Covid-19 vaccine, and he is now fully vaccinated. (Gov. Resp. at 2, ECF No. 148).

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1003–04 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1004. First, the court must initially find that

"extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Drummond moves for a compassionate release to home confinement. Drummond requested compassionate release from his warden in August of 2020, and more than thirty (30) days have passed. As such, the Court has the authority to decide his motion for compassionate release.

Drummond submits that due to his medical conditions the Coronavirus Pandemic poses him a particularized threat and is an extraordinary and compelling reason for relief. However, Drummond is now fully vaccinated. Accordingly, the Court finds that the Coronavirus Pandemic is not an extraordinary and compelling reason for Shade's release.

**IV.**

For the reasons stated above, the Court **DENIES** Drummond's Motion for Compassionate

Release. (ECF No. 147).

**IT IS SO ORDERED.**

**6/22/2021**                                                  **s/Edmund A. Sargus, Jr.**
**DATE**                                                             **EDMUND A. SARGUS, JR.**
                                                                  **UNITED STATES DISTRICT JUDGE**