UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**KEITH DRUMMOND,**

      **Defendant.**

Case No. 2:17-cr-140
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Keith Drummond's Motion to Vacate, Set Aside, or Correct His Sentence Under 28 U.S.C. § 2255 (ECF No. 160) and the United States' Motion to Dismiss Mr. Drummond's § 2255 Petition (ECF No. 164).  For the reasons that follow, Mr. Drummond's Motion to Vacate Under § 2255 (ECF No. 160) is **DENIED** and the Government's Motion to Dismiss is **GRANTED** (ECF No. 164).

Also pending before the Court are three additional motions and three notices/letters all filed by Mr. Drummond: Motion for the Appointment of Counsel (ECF No. 161), Motion for the Appointment of an Investigator (ECF No. 162), Motion to Amend his § 2255 Motion (ECF No. 163), Letter (ECF No. 167), Letter (ECF No. 169), and Notice of Request for Evidentiary Hearing (ECF No. 170). In light of this Opinion and Order, each motion is **DENIED AS MOOT**.  (ECF Nos. 161, 162, 163.)

I.

**A.  First Order**

On June 27, 2022, this Court issued a decision (ECF No. 159) denying Mr. Drummond's Motion to Appoint § 2255 Counsel (ECF No. 146) and his Motion to Extend the Time for Filing

Motion Under 28 U.S.C. § 2255 to Set Aside, Vacate, or Correct Sentence (ECF No. 158). In that decision ("First Order"), the Court explained that under the default start date from § 2255(f)(1), Mr. Drummond was required to file his action in habeas by September 27, 2021 – when his convictions became "final" following the denial of his direct appeal and his failure to petition the United States Supreme Court for review. Thus, Mr. Drummond was required to have submitted in § 2255 Petition to prison officials by September 27, 2021, to avoid dismissal under the statute of limitations from 28 U.S.C. § 2255(f)(1) because he is entitled to the benefit of the prison-mailbox rule.

In the First Order, the Court also explained that none of the alternate "start dates" for the one-year statute of limitations from § 2255(f)(2)-(4) apply in this case, even considering Mr. Drummond's allegations regarding his placement in segregated housing or COVID-related lockdowns while incarcerated. (First Order, at 4, ECF No. 159.) As such, the Court found that Mr. Drummond's § 2255 Petition remained time-barred by the habeas statute of limitations and denied his request for an extension of time to file the Petition.

**B.     Motion to Vacate**

Approximately two weeks after the Court denied his request to file an untimely action in habeas, Mr. Drummond filed the Motion to Vacate under 28 U.S.C. § 2255 that is currently under consideration. (ECF No. 160.) The Government moved to dismiss the Motion. (ECF No. 164.) This Court issued an Order, in which it indicated that while it had previously found that a habeas action would be untimely, Mr. Drummond has now "state[d] under penalty of perjury that [his § 2255 Petition] was executed and 'turned over to Bureau of Prison authorities on May 10, 2020, for submission to the Courts.'" (Order, ECF No. 165) (citing Motion to Vacate, ECF No.

2

160). The Court, therefore, was not certain whether Drummond's Petition, which was docketed at ECF No. 160 on July 12, 2022, qualified under the prison-mailbox rule as timely.

That is, on one hand, the Court acknowledged that Mr. Drummond stated under penalty of perjury that he submitted his Petition to prison officials for submission to the Court on May 10, 2020. If true, that would make his Petition timely. Conversely, the Court also acknowledged that it was difficult to understand how Mr. Drummond's submission did not arrive at the district court until over two years—particularly when the Court regularly received other filings from Drummond and other prisoners during the same timeframe. Given this uncertainty, the Court directed Mr. Drummond to respond to the Motion to Dismiss and afforded the Government an opportunity to reply, which both parties timely filed. (Drummond Resp., ECF No. 166; Gov's Reply, ECF No. 168).

## II.

Pursuant to Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts, a district court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the motion must be dismissed. The Court is authorized to dismiss a motion that appears legally insufficient on its face, *see McFarland v. Scott,* 512 U.S. 849, 856 (1994), or one that alleges "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)).

## III.

The issue currently before the Court is whether, based on the newly provided evidence from Mr. Drummond, his action in habeas is timely filed. As the Court explained in the First Order,

3

Mr. Drummond is entitled to the benefit of the prison-mailbox rule, meaning he must have turned over his § 2255 Petition to prison officials by September 27, 2021, to avoid dismissal under the statute of limitations from 28 U.S.C. § 2255(f)(1).

The Government thoroughly reviews the Motion to Vacate filed under § 2255 and all of the other submissions from Mr. Drummond.  The Government also, as it said "[o]ut of an abundance of caution," "contacted officials at USP Canaan to determine whether Drummond could have mistakenly submitted a § 2255 Petition via 'certified mail' instead of through the 'legal mail' system at the prison. Prison official queried all logs out outgoing certified mail between April 1, 2020, and June 30, 2020, and determined that 'during this time period there was no record found that inmate Drummond sent any certified mail out of United States Penitentiary Canaan.'" (Govt.'s Mot. to Dismiss at 10, n.3) (citing Email from Supervisory Correctional Systems Specialist Janell Geary, ECF No. 168-4). Therefore, the Government argues that based on the evidence before the Court, Mr. Drummond could not have timely filed his habeas action.  This Court agrees.

Mr. Drummond contends that he submitted to the prison official his § 2255 petition on May 10, 2020, over one year before the statute of limitations deadline of September 27, 2021.  As proof, Mr. Drummond provides his handwritten habeas motion with his signature dated May 10, 2020 (ECF No. 160) and a copy of both sides of an 8x10 manila envelope (ECF No. 160-1, 160-2) with the handwritten address of this Court, return address of Mr. Drummond, and the date May 10, 2020.  Of initial importance to the Court is the return address written on the envelope by Mr. Drummond, which states:

> Keith Drummond #76838-061
> FCI – McKeon
> P.O. Box 8000
> Bradford, PA 16701

4

(ECF No. 160-1.)

Mr. Drummond, however, did not arrive at FCI McKean until October 21, 2021—over seventeen months after May 20, 2020. (Email from U.S. Deputy Marshal Aaron Fisher, ECF No. 168-1.) Instead, Mr. Drummond was incarcerated at United States Penitentiary ("USP") Canaan on May 10, 2020, where he was housed from January 6, 2020, through August 25, 2021. *Id*. The back of the envelope is stamped that Drummond submitted the mail to FCI McKean (not USP Canaan), and that he did so on July 1, 2022 (not on May 10, 2020, as he maintains).

Further, the § 2255 Petition submitted by Mr. Drummond with a signature date of May 10, 2020, is on a version of the Petition that was first put into use by the prison in October 2020, five months after the signature date of May 2020. Thus, it is an impossibility for Mr. Drummond to have signed that version of the pre-printed Petition in May 2020, as he has averred.

Moreover, Mr. Drummond includes in his Petition, a citation to a July 1, 2020 decision from the Sixth Circuit on his direct appeal. On May 10, 2020, however, that decision had not been issued. Finally, the word processing watermarks placed in the lower left-hand corner of the pages from Mr. Drummond's § 2255 Petition, bear a date of "06/22/2022," several years after he swears that he signed the Petition.

Accordingly, the Court concludes that while Mr. Drummond has sworn that he signed the § 2255 Petition on May 10, 2020, that is an impossibility. Thus, the Government is entitled to dismissal of this action.

**IV.**

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings in the United States District Courts, the Court must consider whether to issue a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). When a claim has been denied on the merits, a COA may issue only

if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a COA may issue if the movant establishes that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate the Court's timeliness analysis. Therefore, the Court **DECLINES** to issue a COA. The Court also **CERTIFIES** that an appeal would not be in good faith and that any application to proceed in forma pauperis on appeal would be **DENIED**.

## V.

For the reasons set forth above, the Court **DENIES** Defendant Drummond's Motion to Vacate, Set Aside, or Correct His Sentence Under 28 U.S.C. § 2255 (ECF No. 160), **DENIES AS MOOT** Drummond's Motion for the Appointment of Counsel (ECF No. 161), **DENIES AS MOOT** Drummond's Motion for the Appointment of an Investigator (ECF No. 162), **DENIES AS MOOT** Drummond's Motion to Amend (ECF No. 163), **GRANTS** the Government's Motion to Dismiss (ECF No. 164), and hereby **DISMISSES** this action.

The Court also **DECLINES** to issue a certificate of appealability and **CERTIFIES** that any appeal would be frivolous. The Clerk is **DIRECTED** to **ENTER FINAL JUDGMENT** in favor of the Government.

**IT IS SO ORDERED**.

**11/3/2022**                               s/Edmund A. Sargus, Jr.
**DATE**                                     **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**