## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff-Respondent,

  v.           Case No. 2:17-cr-140
               JUDGE EDMUND A. SARGUS, JR.

KEITH DRUMMOND,

   Defendant-Petitioner.

### OPINION AND ORDER

This matter is before the Court on the Government's Motion to Docket Transferred Filings and to Deny Defendant Keith Drummond's Motion[s] for Post-Judgment Relief and to Amend His § 2255 Petition. (ECF No. 178.) The Government asks the Court to do two things. First, it asks the Court "to docket a pair of filings that the Sixth Circuit ordered 'transfer[red] [] to the district court for consideration as post-judgment motions for relief and to amend [the defendant's] § 2255 motion.'" (*Id.* PageID 1170 (citing Order, ECF No. 177).) Second, it asks the Court to deny those filings under Federal Rules of Civil Procedure 59(e) and 15. (*Id.*) Mr. Drummond has responded to the Motion. (ECF No. 179.)

The Government's first request is **DENIED AS MOOT** because the post-judgment motions have already been docketed at ECF No. 185. The Government's second request is **GRANTED** for the reasons below. Mr. Drummond's post-judgment motions are **DENIED**. (ECF No. 185.)

### I. BACKGROUND

In July 2018, Mr. Drummond pleaded guilty to participating in a drug-trafficking conspiracy, possessing firearms in furtherance of that drug-trafficking crime, and possessing a

firearm as a felon. (ECF Nos. 71, 72; Order, ECF No. 177, PageID 1166.) On June 6, 2019, Mr.

Drummond was sentenced to a 197-month term of imprisonment (ECF No. 115), and his

conviction and sentence were affirmed on appeal (Order, ECF No. 177, PageID 1166); *United*

*States v. Drummond*, No. 19-3589 (6th Cir. June 29, 2020).

On July 12, 2022, Mr. Drummond filed an initial 28 U.S.C. § 2255 Petition raising

multiple claims, including one that his counsel was ineffective because he failed to argue that

Mr. Drummond's conviction for possession of a firearm in furtherance of a drug-trafficking

crime under 18 U.S.C. § 924(c) was invalid under *United States v. Davis*, 588 U.S. 445 (2019).

(ECF No. 160, PageID 1009; Order, ECF No. 177, PageID 1166.) This Court dismissed the

§ 2255 Petition as untimely and declined to issue a certificate of appealability. (ECF No. 171.)

After that decision, but before the time to appeal the denial of the § 2255 Petition had

expired, Mr. Drummond filed a motion in the Sixth Circuit seeking authorization to file a second

or successive § 2255 Petition. (ECF No. 177, PageID 1166.) He filed a corrective motion soon

after. (*Id.*) In his motions, Mr. Drummond sought authorization to raise claims that his § 924(c)

conviction is invalid because his drug-conspiracy conviction does not qualify as a predicate

offense after *Davis* and this Court erred by failing to conduct an inquiry in connection with his

motion to withdraw his guilty plea. (*Id.* PageID 1167.)

The Sixth Circuit declined to rule on Mr. Drummond's motions to file a second or

successive § 2255 Petition as premature. (*Id.*) The Sixth Circuit explained Mr. Drummond's

"motions for authorization should be transferred to the district court for consideration in the first

instance as post-judgment motions for relief and to amend his § 2255 motions." (*Id.*)

## II.   STANDARD OF REVIEW

"[W]hen special collateral-attack rules do not include a special provision for a

circumstance, the court should be guided by the rules of Civil and Criminal Procedure." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (citing 28 U.S.C. § 2255 Rule 12). The Rules Governing Section 2255 Proceedings for the United States District Courts do not speak to amendments to motions for collateral review, and so a motion to amend a § 2255 Petition is generally governed by the Federal Rules of Civil Procedure. *Id.* (citing *Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001)).

If a party seeks to amend a complaint (or here, a petition) after an adverse judgment, the party "must shoulder a heavier burden [than if the party sought to amend a complaint beforehand]." *Id.* (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.* The theory behind this rule includes protecting the finality of judgments:

> Rule 15 requests to amend the complaint are frequently filed and, generally speaking, freely allowed. But when a Rule 15 motion comes after a judgment against the plaintiff, that is a different story. Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation. If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision. That would sidestep the narrow grounds for obtaining post judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

*Leisure Caviar*, 616 F.3d at 616 (citations omitted).

Since Mr. Drummond moved to amend his § 2255 Petition within 28 days of the entry of final judgment, Rule 59(e) is the applicable federal rule. (*See* ECF No. 173; ECF No. 185.) "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

manifest injustice.'" *Clark*, 764 F.3d at 661 (citing *Leisure Caviar*, 616 F.3d at 616; *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59(e) "does not simply provide an opportunity to reargue a case." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008).

## III.   ANALYSIS

Mr. Drummond's § 2255 Petition was denied based on untimeliness, rather than the merits of the Petition. (Opinion and Order, ECF No. 171, PageID 1156) (denying Mr. Drummond's § 2255 Petition on untimeliness grounds because it was docketed on July 12, 2022, but for it to be timely under § 2255(f)(1), it needed to be turned over to prison officials by September 27, 2021). Mr. Drummond's Rule 59(e) post-judgment motions do not challenge that untimeliness determination by pointing to some clear error of law. (ECF No. 185.) Nor does Mr. Drummond discuss any newly discovered evidence or make argument about manifest injustice. (*Id.*)

Mr. Drummond asserts that:

In 2019, the U.S. Supreme Court decided *U.S. v. Davis*, 139 S. Ct. 2319 (2019), retroactively holding that conspiracy is not a predicate offense to 924(c). In 2020, Drummond file a timely 2255 petition attempting to apply the *Davis* decision to his Actual Innocence Claim on the 924(c) conviction and sentence, and the Court denied his petition as untimely without litigating his claims on the merit.

(*Id.* PageID 1415.) The Court will treat this as an argument that there was an intervening change in controlling law and address it.

18 U.S.C. § 924(c) states:

(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime [be sentenced to certain penalties depending on the circumstances]. . . .

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Courts refer to § 924(c)(3)(A) as the "elements clause," and § 924(c)(3)(B) as the "residual clause." *Davis*, 588 U.S. at 448, 469. In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague. *Id.* "After *Davis*, a predicate offense qualifies as a crime of violence only if use of force is an element of the offense, and this excludes conspiracy charges." *United States v. Woods*, 14 F.4th 544, 552 (6th Cir. 2021). But the *Davis* Court "clearly stated that it was the fact that the conspiracy charge rested solely on § 924(c)'s residual clause, and not the elements clause[,] that precluded liability." *Edmond v. United States*, No. 20-1929, 2022 WL 3585638, at *5 (6th Cir. Aug. 22, 2022), *cert. denied*, 143 S. Ct. 816 (2023) (citing *Davis*, 588 U.S. at 451).

Mr. Drummond's conspiracy charge did not rest on § 924(c)(3)(B)'s residual clause—and for that matter, no "crime of violence" predicate—but on his drug trafficking crime, defined separately in § 924(c)(2). 18 U.S.C. § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46."). Mr. Drummond pleaded to "Conspiracy to Distribute and to Possess with Intent to Distribute over 28 grams of crack cocaine, heroin, marijuana, cocaine and oxycodone in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(iii) & (b)(1)(C)" in Count 1—a felony punishable under the Controlled Substances Act. (ECF No. 71.) Courts have concluded, logically

so, that "drug trafficking crimes do not raise residual clause issues and remain valid § 924 predicates after *Davis*." *United States v. Chappell*, No. 1:14 CR 00341, 2020 WL 2812726, at \*4 (N.D. Ohio May 28, 2020) (concluding "defendant's § 846 conspiracy conviction meets the definition of "drug trafficking crime" and his § 924(c) penalty was not affected by *Davis*"); *United States v. Andrews*, No. 1:14-CR-0022-3, 2023 WL 130713, at \*3 (S.D. Ohio Jan. 9, 2023) (Barrett, J.) (same). Mr. Drummond has pointed to no "intervening change in controlling law" entitling him to an alteration of his judgment. Because *Davis* does not apply to Mr. Drummond's conviction, the Court's analysis stops there. It is unnecessary to analyze whether his § 2255 Petition would have been timely under § 2255(f)(3).

In his response to the Government's Motion, Mr. Drummond asks the Court to strike the Government's "erroneous docket entry," arguing "[t]he district court lacks jurisdiction to review" his application for a second or successive § 2255 Petition. (ECF No. 179.) Mr. Drummond's argument lacks merit. When the Government filed its Motion, the Sixth Circuit had filed its Order directing that Mr. Drummond's filings be transferred to this Court for consideration as post-judgment motions for relief and to amend the § 2255 Petition. (Order, ECF No. 177, PageID 1167.) The Sixth Circuit entered judgment accordingly, with no mandate to issue. (*Id.* PageID 1168–69.)

Finally, Mr. Drummond requests oral argument. (ECF No. 185, PageID 1413.) Given the findings above, oral argument is unnecessary.

## IV.    CONCLUSION

The Government's first request in its Motion is **DENIED AS MOOT** because the post-judgment motions have already been docketed at ECF No. 185. As for the Government's second request to deny Mr. Drummond's post-conviction motions, the Motion is **GRANTED**. Thus, the

Government's Motion is **DENIED IN PART AS MOOT** and **GRANTED IN PART**. (ECF No. 178.) Mr. Drummond's post-judgment motions are **DENIED**. (ECF No. 185.)

The judgment at ECF No. 172 stands and the case remains closed.

**IT IS SO ORDERED.**

<u>**12/2/2024**</u>                     <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**                               **EDMUND A. SARGUS, JR.**
                                       **UNITED STATES DISTRICT JUDGE**