UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                          Case No. 2:17-cr-140
                                                                  Judge Edmund A. Sargus, Jr.

**KEITH DRUMMOND,**

    **Defendant.**

## ORDER

This matter is before the Court on several post-sentencing motions filed by Defendant Keith Drummond. (ECF Nos. 180, 196, 210, 211.) For the reasons stated below, the Court **DENIES as moot** Mr. Drummond's motions.

In July 2018, Mr. Drummond pleaded guilty to participating in a drug-trafficking conspiracy, possessing firearms in furtherance of that drug-trafficking crime, and possessing a firearm as a convicted felon. (ECF Nos. 71, 72; Order, ECF No. 177, PageID 1166.) On June 6, 2019, the Court entered judgment, sentencing Mr. Drummond to a 197-month term of imprisonment and a 5-year term of supervised release. (ECF No. 115.) His conviction and sentence were affirmed on appeal. (Order, ECF No. 177, PageID 1166); *United States v. Drummond*, No. 19-3589, 2020 WL 14028719 (6th Cir. June 29, 2020).

On January 17, 2025, President Joe Biden commuted the sentences of nearly 2,500 federal prisoners, including Mr. Drummond. (ECF No. 217); White House, *Statement from President Joe Biden on Additional Clemency Actions* (January 17, 2025), https://perma.cc/5F9Q-CR62. The President's clemency order commuted Mr. Drummond's prison term, setting it to expire on July 16, 2025. (ECF No. 217, PageID 1616, 1619.) The clemency order left in place Mr. Drummond's

5-year term of supervised release. (*Id.*)

Mr. Drummond filed several post-sentencing motions, four of which remain pending before this Court. First, Mr. Drummond moved for compassionate release based on extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1), asking the Court for a reduction of his sentence or for a term of home confinement in lieu of imprisonment. (ECF No. 180.) Mr. Drummond also moved the Court to appoint counsel in connection with his compassionate release request, and the Court granted that motion. (ECF Nos. 182, 186.) When Mr. Drummond and his court-appointed counsel encountered "irreconcilable differences over the future direction of his pending motion" and counsel moved to withdraw (ECF No. 200), the Court granted the motion to withdraw, appointed new counsel, and ordered previous counsel to share all medical records with new counsel (*id.*). Once Mr. Drummond's second court-appointed attorney had reviewed all relevant and available information and had "[m]ultiple professional communications" with Mr. Drummond, counsel filed a notice indicating no additional supplementation to the motion for compassionate release was necessary. (ECF No. 203.)

Second, Mr. Drummond filed a *pro se* motion for reduction in sentence, asking for similar relief under the same statute. (ECF No. 196.) Third, Mr. Drummond filed a *pro se* motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) based on a change in the Sentencing Guidelines that he argued should retroactively apply to him. (ECF No. 210.) Fourth, Mr. Drummond moved the Court to appoint counsel to assist him with the third motion. (ECF No. 211.)

In all four motions, Mr. Drummond seeks the reduction of his prison sentence or his immediate release from prison (or the assistance of counsel in so seeking). None of Mr. Drummond's pending motions challenges the length or conditions of his supervised release, which started upon his release from prison.

The Sixth Circuit has "held that when [a defendant] fails to challenge either the underlying conviction or the non-custodial elements of the sentence of which he seeks modification under § 3582(c), his appeal is moot once he completes his custodial sentence unless he specifically seeks modification of any term of supervised release." *United States v. Bravo*, 362 F. App'x 456, 459 (6th Cir. 2010) (citing *United States v. Waltanen*, 356 F. App'x 848, 851 (6th Cir. 2009) (holding moot a defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) where the defendant's prison term expired, and the defendant only challenged the prison sentence)).

Mr. Drummond does not challenge the validity of his underlying conviction or his term or conditions of supervised release. He only seeks release from prison or a reduction in his prison term. Accordingly, the expiration of Mr. Drummond's prison term under President Biden's clemency action moots all four motions filed by Mr. Drummond currently pending before this Court.

The Court **DENIES as moot** Mr. Drummond's Motion for Compassionate Release (ECF No. 180), his Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 196), his Motion for consideration of a reduction in term of imprisonment as a result of Amended Guideline Range Pursuant to 18 U.S.C. Section 3582(c)(2) and or retroactive imprisonment (ECF No. 210), and his Motion for the Court to Request "Side Bar" Counsel for Motion (ECF No. 211).

IT IS SO ORDERED.

**7/16/2025**                                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                                            **EDMUND A. SARGUS, JR.**
                                                                            **UNITED STATES DISTRICT JUDGE**